```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X    C/M
                                                            :
   DONALD SMITH,                                            :
                                                            :    **MEMORANDUM DECISION &**
                                        Plaintiff,          :    **ORDER**
                                                            :
                 - against -                                :    17 Civ. 6989 (BMC)(LB)
                                                            :
   SPECTRUM BRANDS INC. and                                 :
   REMINGTON,                                               :
                                                            :
                                        Defendants.         :
                                                            :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff's Complaint alleges "the theft of Plaintiff's product idea" and "theft of trade secret" in May 2006 by defendants. Plaintiff asserts that defendant "Remington Products Co. LLC engages in the development and marketing of personal care products" including electric shavers. He states that "[t]here were no discussions between Plaintiff and Defendants. Plaintiff did not consider Remington to develop Plaintiff's product idea 'the magic wand.' Remington in the Plaintiff's mind in 2006 were suppliers of electric shavers." On an unspecified date, "Plaintiff purchased a Remington model CI-95AC2 in a local thrift store." Thereafter, he asserts, he began to research Remington. He claims that "[i]f a connection is revealed between the Defendants and anyone connected to the Plaintiff, then the components might add up to RICO. At this point Plaintiff has a burden of proof to prove the Defendants erroneously acquired the Plaintiff's product idea." The Complaint does not describe plaintiff's alleged "product idea," assert the infringement of any registered patent or trademark, or allege any contractual relationship or other prior connection between plaintiff and defendants. Plaintiff further claims

that he "does perceive the product(s) temperature displayed in its advertis[e]ments and packing as threats."

The Complaint asserts that plaintiff seeks $100 million. Plaintiff provides an address for himself in Norfolk, Virginia and provides an address for defendants in New York City, New York.

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and that the Court must read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted.

Pursuant to the venue provision governing civil actions brought in district courts of the United States, a civil action may be brought in a judicial district in which any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The Complaint does not specify where the alleged "theft of trade secret" occurred. Neither plaintiff nor defendants are alleged to reside within the Eastern District of New York. Accordingly, this action appears to be improperly filed in this district. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court considered whether to transfer this case to another United States District Court, but finds that the interests of justice would not be served by transfer, as the action, with the current Complaint, is subject to dismissal both for lack of subject matter jurisdiction and under 28 U.S. C. § 1915(e)(2)(B).

A plaintiff, even if proceeding *pro se*, must establish that the court has subject matter jurisdiction over the action. See, e.g., Hamm v. United States, 483 F.3d 135 (2d Cir. 2007); Ally v. Sukkar, 128 F. App'x 194 (2d Cir. 2005). Federal jurisdiction is available when a federal question is presented, 28 U.S.C. § 1331, or when the plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The requirement of subject matter jurisdiction cannot be waived, United States v. Cotton, 535 U.S. 625, 630 (2002), and its absence may be raised by the court *sua sponte*. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). When a court lacks subject matter jurisdiction, dismissal is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500 (2006); Fed. R. Civ. P. 12(h)(3).

Plaintiff has not presented a federal question. He vaguely asserts "theft" of an unidentified "product idea" and "trade secret" called "the magic wand," but he has not alleged that he held a registered patent or a trademark that is protected under federal law. Thus, federal patent or trademark law does not apply. See Gradient Enterprises, Inc. v. Skype Technologies S.A., 848 F. Supp. 2d 404, 407 (W.D.N.Y. 2012) (at a minimum, a patent action must meet the requirements of Form 18 of the Appendix of the Fed.R.Civ.P., which requires "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."); 1-800 Contacts, Inc. v. WhenU.Com, Inc., 414 F.3d 400, 406-407 (2d Cir. 2005) ("In order to prevail on a trademark infringement claim for registered trademarks . . . or unregistered trademarks . . . a plaintiff must establish that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used

the mark, (3) in commerce, (4) in connection with the sale or advertising of goods or services . . . , (5), without the plaintiff's consent" and also show that "defendant's use of that mark is likely to cause confusion." (internal quotation marks and citations omitted)).

      Plaintiff has also not met the requirements for diversity jurisdiction. Plaintiff and defendants are alleged to be residents of different states, and plaintiff seeks $100 million in relief, which exceeds the jurisdictional amount necessary for a federal court to exercise diversity jurisdiction over state law causes of action. However, plaintiff's Complaint does not assert any state law cause of action. In light of plaintiff's *pro se* status, the Court has considered whether the Complaint could assert state law claims related to misappropriation of trade secrets, breach of contract, or unjust enrichment. Plaintiff has not alleged any contractual relationship between himself and defendants, and he specifically disavows any discussions with defendants related to his product idea. See North Atlantic Instruments, Inc. v. Haber, 188 F.3d 38, 43-44 (2d Cir.1999) ("To succeed on a claim for the misappropriation of trade secrets under New York law, a party must demonstrate: (1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means."). As plaintiff has not asserted a theory of recovery under which it is reasonably probable that he could recover more than $75,000, there is no basis for diversity jurisdiction. See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." (citation omitted)); Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (district courts should "take measures to discover those suits which [do not belong in a federal court] and [] dismiss them when the court

4

is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [the minimum statutory jurisdictional amount.]" (omission and parentheticals in original) (quoting Deutsch v. Hewes St. Realty Corp., 359 F.2d 96, 98 (2d Cir. 1966)).

Even if plaintiff had properly invoked this Court's subject matter jurisdiction, his Complaint is subject to dismissal. Under 28 U.S. C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because plaintiff is proceeding *pro se*, the Court is required to read the complaint liberally and interpret it as raising the strongest arguments it suggests. See Erickson, 551 U.S. at 94; Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). However, even a *pro se* complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A plaintiff must allege facts sufficient to allow the defendants to have a fair understanding of what he is complaining about and to enable them to determine whether there is a possible legal basis for recovery. Twombly, 550 U.S. at 555 (Federal Rule of Civil Procedure 8 imposes the requirement that the plaintiff's pleadings "give the defendant fair notice of what the . . . claim is and the grounds on which it rests.") (internal quotation marks omitted).

Plaintiff alleges no facts that provide defendants with the slightest understanding of his claims. His bare assertion that he conceived of a "magic wand," and that defendants somehow stole that idea, is an insufficient basis for defendants to develop a defense.

Even if plaintiff had somehow managed to link defendants to the allegations in his complaint and provide them with a basis against which to prepare a defense, the complaint itself is patently frivolous. An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992); See also Neitzke v. Williams, 490 U.S. 319, 327 (1989) (holding that dismissal is appropriate when a claim is "based on an indisputably meritless legal theory," or when the "factual contentions are clearly baseless.").

Here, plaintiff's claim that he had an idea for a "magic wand," and that defendants somehow acquired that idea and presumably developed it into a commercially available shaver is patently frivolous. The Court also finds plaintiff's assertion that the temperature displays in defendants' advertisements are threats is wholly irrational.

Accordingly, plaintiff is granted twenty (20) days leave to file an amended complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). If plaintiff has a basis for a claim, he should provide facts in support of such claim. Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and it must "plead enough facts to

state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Littlejohn v. City of New York, 795 F.3d 297, 304 (2d Cir. 2015).

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as assigned to this Order. No summons shall issue at this time and all further proceedings shall be stayed for 20 days or until further order of the Court. If plaintiff elects not to file an amended complaint, or fails to do so in a timely manner, the action will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York  
       February 5, 2018

                                                U.S.D.J.